```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**TARA PONCEROFF,**

    **Petitioner,**

**v.**　　　　　　　　　　　　　　**CIVIL ACTION NO. 1:20CV38**
　　　　　　　　　　　　　　**CRIMINAL ACTION NOS. 1:18CR40**
　　　　　　　　　　　　　　　　　**(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION
[1:18CR40, DKT. NO. 74; 1:20CV38, DKT. NO. 1], DENYING
MOTIONS FOR APPOINTMENT OF COUNSEL [1:18CR40, DKT. NO. 95;
1:20CV38, DKT. NOS. 2, 7], AND DISMISSING CASE WITH PREJUDICE**

Pending before the Court is the pro se motion of the petitioner, Tara Ponceroff ("Ponceroff"), seeking to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 (1:18CR40, Dkt. No. 74; 1:20CV38, Dkt. No. 1). Also pending are several motions for appointment of counsel (1:18CR40, Dkt. No. 95; 1:20CV38, Dkt. Nos. 2, 7). For the reasons that follow, the Court **DENIES** her pending motions and **DISMISSES WITH PREJUDICE** Civil Action Number 1:20CV38.

          **I.**　　**BACKGROUND**

On August 6, 2018, a grand jury indicted Ponceroff on one count of production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and 2251(e) (Count One); one count of aiding and abetting production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and 2251(e) and 2 (Count Two); and two counts of

**PONCEROFF V. UNITED STATES**                          **1:18CR40/1:20CV38**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION [1:18CR40, DKT. NO. 74; 1:20CV38, DKT. NO. 1], DENYING MOTIONS FOR APPOINTMENT OF COUNSEL [1:18CR40, DKT. NO. 95; 1:20CV38, DKT. NOS. 2, 7], AND DISMISSING CASE WITH PREJUDICE**

transportation of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(1) and 2252A(b)(1) (Counts Three and Four) (Dkt. No. 1).[1] On the eve of trial, Ponceroff pleaded guilty to Count Two, aiding and abetting production of child pornography (Dkt. No. 46).

During the sentencing hearing held on May 16, 2018, the Court calculated Ponceroff's base offense level at a level thirty-two (32) (Dkt. No. 68 at 10-11). After applying several offense specific characteristics, accounting for the involvement of multiple counts, and enhancing the offense level to reflect Ponceroff's status as a dangerous sex offender against minors, the Court calculated her adjusted offense level subtotal at a level forty-seven (47). Id. at 10-12. It then reduced her offense level by three (3) levels based on her acceptance of responsibility. Id. at 12. Because hers was one of the rare cases in which the total offense level exceeded the highest offense level provided by the sentencing guidelines, the Court reduced Ponceroff's total offense level to a level forty-three (43). Id. And, even with a criminal history category of I, Ponceroff's guideline range was life

---

[1] Unless otherwise noted, all docket numbers refer to Criminal Action No. 1:18CR40.

2

**PONCEROFF V. UNITED STATES**                                        **1:18CR40/1:20CV38**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION [1:18CR40, DKT. NO. 74; 1:20CV38, DKT. NO. 1], DENYING MOTIONS FOR APPOINTMENT OF COUNSEL [1:18CR40, DKT. NO. 95; 1:20CV38, DKT. NOS. 2, 7], AND DISMISSING CASE WITH PREJUDICE**

imprisonment (Dkt. Nos. 56 at 11-15, 21, 68 at 12). But as her offense carried a statutory maximum sentence of 360 months of imprisonment that maximum became her effective guideline range (Dkt. No. 56 at 21).

Ponceroff's attorneys sought a downward departure or variance to 180 months of imprisonment, the mandatory minimum sentence for her offense (Dkt. No. 68 at 15). In support, they relied on a variety of factors, including the fact that Ponceroff had voluntarily disclosed her criminal conduct to a third party, as well as her youth, lack of criminal history, mental health diagnoses, history of childhood abuse and neglect, and status as a domestic violence survivor. Id. at 15-33. After weighing the factors set forth in 28 U.S.C. § 3553(a), the Court rejected Ponceroff's request for a downward departure or variance. Id. at 111-13. And, after considering the heinous nature of her offense conduct and the grave harm inflicted upon the minor victims, it sentenced Ponceroff to 360 months, the statutory maximum sentence (Dkt. No. 57).

3

**PONCEROFF V. UNITED STATES**                              **1:18CR40/1:20CV38**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION [1:18CR40, DKT. NO. 74; 1:20CV38, DKT. NO. 1], DENYING MOTIONS FOR APPOINTMENT OF COUNSEL [1:18CR40, DKT. NO. 95; 1:20CV38, DKT. NOS. 2, 7], AND DISMISSING CASE WITH PREJUDICE**

On appeal, Ponceroff's attorneys filed a brief pursuant to Anders v. California, 386 U.S. 378 (1967), stating there were no meritorious grounds for appeal but questioning the validity of her guilty plea (Dkt. Nos. 60, 71). The Court of Appeals of the Fourth Circuit affirmed her conviction (Dkt. No. 71).

On March 4, 2020, Ponceroff timely filed the instant § 2255 motion, arguing that the Court had imposed an excessive sentence, and that she had received ineffective assistance of counsel (Dkt. No. 74). The matter is fully briefed and ripe for decision.

## II. STANDARD OF REVIEW

28 U.S.C. § 2255(a) permits a federal prisoner who is in custody to assert the right to be released if (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," or (3) "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." A petitioner bears the burden of proving any of these grounds by a preponderance of the evidence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

**PONCEROFF V. UNITED STATES**                        **1:18CR40/1:20CV38**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION [1:18CR40, DKT. NO. 74; 1:20CV38, DKT. NO. 1], DENYING MOTIONS FOR APPOINTMENT OF COUNSEL [1:18CR40, DKT. NO. 95; 1:20CV38, DKT. NOS. 2, 7], AND DISMISSING CASE WITH PREJUDICE**

### III. DISCUSSION

**A. Waiver of Collateral Attack Rights**

As a threshold matter, the Court notes that Ponceroff waived certain collateral attack rights in her plea agreement (Dkt. No. 46 at 5). "[A] criminal defendant may waive [her] right to attack [her] conviction and sentence collaterally, so long as the waiver is knowing and voluntary." U.S. v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Federal Rule of Civil Procedure 11 requires the Court to determine whether the defendant accepts a plea voluntarily, without force, threats, or promises. The Court must find that a defendant who pleads guilty understands the nature of the charge and is aware of the consequences of her plea. McCarthy v. U.S., 394 U.S. 459, 464 (1969). "The representations of the defendant . . . as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceeding." Blackledge v. Allison, 431 U.S. 63, 74 (1977).

During her plea colloquy, Ponceroff twice affirmed the voluntariness of her plea agreement and her understanding of its terms and implications (Dkt. No. 67 at 25, 60-61. 72). Based on

**PONCEROFF V. UNITED STATES**                          **1:18CR40/1:20CV38**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION [1:18CR40, DKT. NO. 74; 1:20CV38, DKT. NO. 1], DENYING MOTIONS FOR APPOINTMENT OF COUNSEL [1:18CR40, DKT. NO. 95; 1:20CV38, DKT. NOS. 2, 7], AND DISMISSING CASE WITH PREJUDICE**

this, the magistrate judge found that she had entered her guilty plea knowingly and voluntarily. Id. at 74. On appeal, the Fourth Circuit agreed, finding that the Court "fully complied with Rule 11 in accepting Ponceroff's guilty plea, which [she] entered knowingly and voluntarily" (Dkt. No. 71 at 1-2).

In her plea agreement, Ponceroff waived her right to challenge any "sentence . . . within the maximum provided in the statute of conviction or the manner in which it was determined in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255" (Dkt. No. 46 at 5). Thus, because the 360-month sentence imposed by the Court is the statutory maximum sentence for her offense, Ponceroff has forfeited her right to challenge the reasonableness of her sentence in this § 2255 proceeding.

**B.  Ineffective Assistance of Counsel**

Ponceroff's plea agreement, however, does not bar her from perfecting any legal remedies she may have on collateral attack regarding ineffective assistance of counsel. Therefore, as it relates to her attorneys' representation, Ponceroff's § 2255 motion is unaffected by the waiver in her plea agreement. At the

6

**PONCEROFF V. UNITED STATES**                                **1:18CR40/1:20CV38**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION [1:18CR40, DKT. NO. 74; 1:20CV38, DKT. NO. 1], DENYING MOTIONS FOR APPOINTMENT OF COUNSEL [1:18CR40, DKT. NO. 95; 1:20CV38, DKT. NOS. 2, 7], AND DISMISSING CASE WITH PREJUDICE**

conclusion of both her plea and sentencing hearings, however, Ponceroff affirmed that she had no complaints concerning her attorneys' performance (Dkt. Nos. 67 at 11-12, 61-62; 68 at 124).

That affirmance belies the arguments raised in her pending motion. Liberally construed, Ponceroff asserts that her counsel was ineffective because (1) one of her attorneys was not authorized to practice law; (2) her attorneys coerced her into entering a guilty plea; and (3) her attorneys should have argued ineffective assistance of counsel on appeal (Dkt. Nos. 74 at 2; 79 at 5-7).

To succeed on an ineffective assistance of counsel claim, the "petitioner must show, by a preponderance of the evidence, that (1) 'counsel's performance was deficient,' and (2) 'the deficient performance prejudiced the defense.'" Beyle v. U.S., 269 F. Supp. 3d 716, 726 (E.D. Va. 2017) (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984)). "The Petitioner must 'satisfy both prongs, and a failure of proof on either prong ends the matter.'" Beyle, 269 F. Supp. 3d at 726 (quoting U.S. v. Roane, 378 F.3d 382, 404 (4th Cir. 2004)).

7

**PONCEROFF V. UNITED STATES**                      **1:18CR40/1:20CV38**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION [1:18CR40, DKT. NO. 74; 1:20CV38, DKT. NO. 1], DENYING MOTIONS FOR APPOINTMENT OF COUNSEL [1:18CR40, DKT. NO. 95; 1:20CV38, DKT. NOS. 2, 7], AND DISMISSING CASE WITH PREJUDICE**

To satisfy Strickland's first prong, a petitioner must show that counsel's conduct "fell below an objective standard of reasonableness . . . under prevailing professional norms." Strickland, 466 U.S. at 687–88. But "[j]udicial scrutiny of counsel's performance must be highly deferential" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689, 2064. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." Id.

To satisfy the second prong, the petitioner must show that her attorney's error was not harmless error, but prejudiced the outcome of the case. Strickland, 466 U.S. at 694. Specifically, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. When the defendant has

8

PONCEROFF V. UNITED STATES                          1:18CR40/1:20CV38

MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION
[1:18CR40, DKT. NO. 74; 1:20CV38, DKT. NO. 1], DENYING
MOTIONS FOR APPOINTMENT OF COUNSEL [1:18CR40, DKT. NO. 95;
1:20CV38, DKT. NOS. 2, 7], AND DISMISSING CASE WITH PREJUDICE

pleaded guilty, she "must show that there is a reasonable probability that, but for counsel's errors, [s]he would not have [done so] and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

  1.  **Unauthorized Practice of Law**

Ponceroff first contends that one of her appointed counsel was not an attorney and so "couldn't by law give [her] any legal advice or answer any of her questions" (Dkt. No. 79 at 6). She is incorrect. The attorney in question is an active member of the West Virginia State Bar and an Assistant Federal Public Defender. She served as co-counsel for Ponceroff in this case, having noticed her appearance on October 1, 2018 (Dkt. No. 23). Thus, Ponceroff's contention that one of her attorneys was not authorized to give her legal advice or appear before the Court is frivolous.

  2.  **Coerced Plea Agreement**

Ponceroff's argument that her attorneys coerced her into pleading guilty is also frivolous (Dkt. Nos. 74 at 2; 79 at 5-7). She contends she pleaded guilty only because (1) she did not have sufficient time to meet with her attorneys; (2) she did not understand the proceedings or her sentencing exposure; and (3) her

9

**PONCEROFF V. UNITED STATES**                                    **1:18CR40/1:20CV38**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION [1:18CR40, DKT. NO. 74; 1:20CV38, DKT. NO. 1], DENYING MOTIONS FOR APPOINTMENT OF COUNSEL [1:18CR40, DKT. NO. 95; 1:20CV38, DKT. NOS. 2, 7], AND DISMISSING CASE WITH PREJUDICE**

attorneys promised that she would receive a 180-month sentence. As discussed, the Fourth Circuit has already determined that Ponceroff entered her guilty plea knowingly and voluntarily (Dkt. No. 71). Moreover, each of these contentions is belied by her sworn testimony at her plea hearing.

A defendant's sworn statements made at a plea hearing "carry a strong presumption of verity" and "constitute a formidable barrier against any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Accordingly, "in the absence of extraordinary circumstances, . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (citations omitted).

At the plea hearing in this case, the magistrate judge placed Ponceroff under oath and conducted an extensive plea colloquy (Dkt. No. 67). He confirmed that she understood the charge against her in Count Two, the count of conviction, as well as the terms and

10

**PONCEROFF V. UNITED STATES**                                **1:18CR40/1:20CV38**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION [1:18CR40, DKT. NO. 74; 1:20CV38, DKT. NO. 1], DENYING MOTIONS FOR APPOINTMENT OF COUNSEL [1:18CR40, DKT. NO. 95; 1:20CV38, DKT. NOS. 2, 7], AND DISMISSING CASE WITH PREJUDICE**

consequences of her plea agreement. Id. at 14-18, 24-25, 34-35, 68. Ponceroff affirmed that she had been given adequate time to discuss her case with her attorneys, that they had reviewed each paragraph of the plea agreement with her (including the paragraph which discussed her sentencing exposure), and that they had been able to fully answer her questions about how best to proceed. Id. at 11-12, 25, 27. During this colloquy, Ponceroff also acknowledged that, before pleading guilty, she was made aware that she would receive a sentence between 180 and 360 months of imprisonment, id. at 25, 52, and that the Court had the power to impose a sentence different from any estimate her attorneys may have provided. Id. at 57.

After the Government offered testimony in support of Ponceroff's guilt, id. at 37-47, the following exchange occurred:

> THE COURT: Now, Ms. Ponceroff, has any person forced you, threatened you, coerced you, intimidated you, or talked you into entering a guilty plea against your will?
>
> THE DEFENDANT: No.
>
> . . .
>
> THE COURT: . . . Are you acting voluntarily and in your own free will in entering this guilty plea?
>
> THE DEFENDANT: Oh, yes. Sorry.

11

**PONCEROFF V. UNITED STATES**  1:18CR40/1:20CV38

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION [1:18CR40, DKT. NO. 74; 1:20CV38, DKT. NO. 1], DENYING MOTIONS FOR APPOINTMENT OF COUNSEL [1:18CR40, DKT. NO. 95; 1:20CV38, DKT. NOS. 2, 7], AND DISMISSING CASE WITH PREJUDICE**

> . . .
>
> THE COURT: . . . has anyone promised or predicted the exact sentence which will be imposed upon you in this matter?
>
> THE DEFENDANT: No.
>
> . . .
>
> THE COURT: Do you understand that no one can tell you right now the exact sentence that the sentence -- that the district court will impose upon you? Do you --
>
> THE DEFENDANT: Yes.
>
> THE COURT: -- understand that? Okay. Now, have you been able to fully understand what is going on in these proceedings today?
>
> THE DEFENDANT: Yes.

Id. at 72-73.

The record is devoid of any evidence that Ponceroff lacked understanding or was coerced by her attorneys to plead guilty. Having failed to establish that her attorneys' conduct was objectively unreasonable, her ineffective assistance of counsel claim fails under Strickland's first prong.

Nor can Ponceroff establish that, but for her attorneys' deficient performance, she would have proceeded to trial. Hill, 474 U.S. at 59. To the contrary, the record reflects that Ponceroff accepted the plea agreement because, as her lawyer

12

**PONCEROFF V. UNITED STATES**                      **1:18CR40/1:20CV38**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION [1:18CR40, DKT. NO. 74; 1:20CV38, DKT. NO. 1], DENYING MOTIONS FOR APPOINTMENT OF COUNSEL [1:18CR40, DKT. NO. 95; 1:20CV38, DKT. NOS. 2, 7], AND DISMISSING CASE WITH PREJUDICE**

stated, "she didn't want to have a trial in this case because she wanted to express her contrition, and . . . a trial was just not something that she wanted the victims to be exposed to" (Dkt. No. 67 at 20-21). Accordingly, her ineffective assistance of counsel claim also fails under Strickland's second prong.

    **3. Arguments Advanced on Direct Appeal**

Finally, Ponceroff alludes to the fact that her attorneys should have raised ineffective assistance of counsel on direct appeal (Dkt. No. 79 at 5-6). But counsel is not obligated to assert all nonfrivolous issues on appeal. Jones v. Barnes, 463 U.S. 745, (1983). In applying the Strickland test to claims of ineffective assistance of counsel on appeal, the Court must "accord appellate counsel the presumption that he decided which issues were most likely to afford relief." Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (quoting Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993)). "Winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." Smith v. Murray, 477 U.S. 527 (1986).

PONCEROFF V. UNITED STATES                    1:18CR40/1:20CV38

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION [1:18CR40, DKT. NO. 74; 1:20CV38, DKT. NO. 1], DENYING MOTIONS FOR APPOINTMENT OF COUNSEL [1:18CR40, DKT. NO. 95; 1:20CV38, DKT. NOS. 2, 7], AND DISMISSING CASE WITH PREJUDICE**

Ponceroff waived her right to appeal her conviction and sentence in her plea agreement (Dkt. No. 46 at 4). Nevertheless, her attorneys filed an appeal on her behalf challenging the validity of her guilty plea (Dkt. No. 71). Although they did not include ineffective assistance of counsel as a ground for relief, it is well established in the Fourth Circuit that such a claim should be raised for the first time on a § 2255 motion, rather than on direct appeal. United States v. Williams, 977 F.2d 866, 871 (4th Cir. 1992). Therefore, it was not unreasonable for Ponceroff's attorneys to forego this claim in favor of an argument more likely to prevail. And, given that Ponceroff preserved her right to challenge the adequacy of her representation on a § 2255 motion, she was not prejudiced by this decision.

## IV. MOTIONS FOR APPOINTMENT OF COUNSEL

During the pendency of her petition, Ponceroff has filed several motions seeking appointment of counsel. On March 4, 2020, she asserted that, as an indigent person, she is entitled to representation in connection with her § 2255 motion (1:20CV38, Dkt. No. 2). On April 2, 2020, she filed a letter "asking for an application for a court appointed lawyer" (1:20CV38, Dkt. No. 7).

**PONCEROFF V. UNITED STATES**　　　　　　　　　　　　**1:18CR40/1:20CV38**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION [1:18CR40, DKT. NO. 74; 1:20CV38, DKT. NO. 1], DENYING MOTIONS FOR APPOINTMENT OF COUNSEL [1:18CR40, DKT. NO. 95; 1:20CV38, DKT. NOS. 2, 7], AND DISMISSING CASE WITH PREJUDICE**

Finally, on January 28, 2022, she sought the appointment of counsel because she lacks the ability to "find and contact any attorney on [her] own" (1:18CR40, Dkt. No. 95).

It is well established that there is no constitutional right to appointed counsel in a § 2255 proceeding. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right and no further."). The Court should appoint counsel to represent an indigent defendant only after a showing of particular need or exceptional circumstances has been made. See 28 U.S.C. § 1915(e)(1); Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). "The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir 1984). Nonetheless, the Rules Governing Section 2255 Proceedings of the United States District Courts require that counsel be appointed in certain circumstances, such as upon a determination that an evidentiary hearing is required or if necessary for effective discovery. See Rules 6(a) and 8(c) of the Rules Governing § 2255 Proceedings.

PONCEROFF V. UNITED STATES1:18CR40/1:20CV38

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION [1:18CR40, DKT. NO. 74; 1:20CV38, DKT. NO. 1], DENYING MOTIONS FOR APPOINTMENT OF COUNSEL [1:18CR40, DKT. NO. 95; 1:20CV38, DKT. NOS. 2, 7], AND DISMISSING CASE WITH PREJUDICE**

Ponceroff has not established a particular need for counsel or exceptional circumstances justifying such an appointment. That she is indigent or lacks the ability to find at attorney does not establish a particular need or an exceptional circumstance justifying the appointment of counsel. Throughout this case, Ponceroff has demonstrated her ability to pursue her § 2255 claims in the absence of counsel. The Court does not require an evidentiary hearing and finds that discovery is unnecessary because Ponceroff's arguments are without merit. Therefore, she is not entitled to the appointment of counsel and the Court **DENIES** her motions (1:18CR40, Dkt. No. 95; 1:20CV38, Dkt. Nos. 2, 7).

## V.CONCLUSION

For the reasons discussed, the Court **DENIES** Ponceroff's § 2255 motion (1:18CR40, Dkt. No. 74; 1:20CV38, Dkt. No. 1), **DENIES** her motions for appointment of counsel (1:18CR40, Dkt. No. 95; 1:20CV38, Dkt. Nos. 2, 7), and **DISMISSES WITH PREJUDICE** Civil Action Number 1:20CV38.

It is so **ORDERED.**

The Court **DIRECTS** the Clerk to enter a separate judgment order in favor of the United States, to transmit a copy of this order to

PONCEROFF V. UNITED STATES 1:18CR40/1:20CV38

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION [1:18CR40, DKT. NO. 74; 1:20CV38, DKT. NO. 1], DENYING MOTIONS FOR APPOINTMENT OF COUNSEL [1:18CR40, DKT. NO. 95; 1:20CV38, DKT. NOS. 2, 7], AND DISMISSING CASE WITH PREJUDICE**

Ponceroff by certified mail, return receipt requested, to counsel of record by electronic means, and to strike this case from the Court's active docket.

### VI. NO CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. § 2255(a).

The Court finds it inappropriate to issue a certificate of appealability in this matter because Ponceroff has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v.

17

**PONCEROFF V. UNITED STATES** 1:18CR40/1:20CV38

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION [1:18CR40, DKT. NO. 74; 1:20CV38, DKT. NO. 1], DENYING MOTIONS FOR APPOINTMENT OF COUNSEL [1:18CR40, DKT. NO. 95; 1:20CV38, DKT. NOS. 2, 7], AND DISMISSING CASE WITH PREJUDICE**

Cockrell, 537 U.S. 322, 336–38 (2003). Upon review of the record, the Court concludes that Ponceroff has failed to make the requisite showing and, therefore, **DENIES** issuing a certificate of appealability.

Dated: August 9, 2022

/s/ Irene M. Keeley

IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE